# UNITED STATES DISTRICT COURT
## for the
### Western District of PA
### Erie Division

B007 #
IFP #
Cat #8

| | |
|---|---|
| Matthew F. McQuaide | Case No. 1:22-CV-80 |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: *(check one)* ☐ Yes ☒ No |
| -v- | |
| Little League Baseball Incorporated, 36 U.S. code chapter 1305 | RECEIVED<br>MAR 0 1 2022<br>CLERK, U.S. DISTRICT COURT<br>FOR THE WESTERN DISTRICT<br>OF PENNSYLVANIA |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Matthew F. McQuaide |
| Street Address | 2348 State Route 157 |
| City and County | Oil City |
| State and Zip Code | Pa 16301 |
| Telephone Number | 814 6719247 |
| E-mail Address | mattmcq12@gmail.com |

Page 1 of 7

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Little League Baseball Inc. |
| Job or Title *(if known)* | |
| Street Address | 539 US Route 15 HWY |
| City and County | Williamsport |
| State and Zip Code | Pennsylvania, 17702-8541 |
| Telephone Number | 570-326-1921 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)* [                              ]

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

> 36 U.S.C. 1305
> United States Code, 1997 Edition
> Title 36 - PATRIOTIC SOCIETIES AND OBSERVANCES
> CHAPTER 41A - LITTLE LEAGUE BASEBALL, INC.
> Sec. 1081 - Liability for acts of officers and agents
> §1081. Liability for acts of officers and agents
> The corporation shall be liable for the acts of its officers and agents when acting within the scope of their authority.

### B.  If the Basis for Jurisdiction Is Diversity of Citizenship

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

    The plaintiff, *(name)* [                    ], is a citizen of the State of *(name)* [                    ].

    b.  If the plaintiff is a corporation

    The plaintiff, *(name)* [                    ], is incorporated under the laws of the State of *(name)* [                    ],

    and has its principal place of business in the State of *(name)*

    [                    ].

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____ is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

   The defendant, *(name)* _____ is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. Or is incorporated under the laws of *(foreign nation)* _____ and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1.      We are seeking damages for defendant's flagrant indifference to the rights or safety of Plaintiff, Matthew F. McQuaide. The coach, an agent of Little League Baseball Inc. (LLBI), demonstrated negligence which was a result of LLBI's failure to meet the standard of care of duty by not employing appropriate certification of their agents to ensure player safety as required by Federal volunteer protection act of 1997. While LLBI employs due diligence in limiting bats which can be used by players to reduce the velocity of balls hit to players, they have employed no means to certify volunteers in risk management reduction as guidelines to reduce injury when hitting balls at players.

2.      Additionally, Cranberry Area Little League (CALL), an agent of LLBI, was responsible for maintaining the playing field and failed to meet the standard of care of duty by employing appropriate inspection practices to ensure the field was safe. Thus, the field condition contributed to the injury while in the care, custody and control of real property of LLBI and their agents. A rock in the playing field contributed to the extreme nature of the injury.

3.      Additional damages have resulted due to LLBI's flagrant indifference to provide a clear means for players to access medical insurance provided to injured players. Additionally, LLBI has the care of duty in making communication, access to their insurance, and access to their agents' insurance clear and attainable. Matthew has experienced additional damages due to LLBI's flagrant indifference in providing a clear means for players to access medical insurance to injured players.

Following are the facts of the case;

On May 20th, 2013, the plaintiff, Matthew McQuaide was injured during a practice conducted by an agent of defendant. The coach admittedly hit a ball so aggressively and with such force that upon hitting a rock located in the filed in front of the plaintiff, it directly hit the plaintiff in the face. The impact resulted in instant evulsion of a tooth. The tooth was propelled through the air and was found 10 feet from the plaintiff. After a trip to the emergency room, the tooth was replaced in the socket of the plaintiff. On May 21, 2013, Matthew was treated by Dr. Edward Osborne and again on June 7, 2013 and June 14, 2013 for additional treatment which included a root canal of tooth #8 and 8-L. An agent of the defendant assured plaintiffs legal guardians that there was ample insurance that would cover costs incurred by the injury.

On July 14, 2016, Matthew began treatment with Dr. David Gordy. In the initial treatment Dr. Gordley noted concern that the damage to tooth 8 and 8-L had caused growth plate damage and was causing problems with shifting of other teeth and referred the plaintiff to a periodontist and orthodontist for treatment.

Plaintiff was treated from 2015 - present by orthodontists, periodontists, dentists and oral surgeons to repair the damage. Once it was determined by the orthodontist that Matthews growth plates were closed, Matthew began treatment with a Dr. Cole on 3/20/2019 to plan for the series of surgeries that would be required to repair the damage to the bone. As the treatment progressed it was determined by Dr. Cole that the damage was too extensive for his expertise and referred Matthew to a oral surgeon that specializes in repairing bone damage. Matthew began treatment with Dr. Miller on 6/11/2020. Matthew has had multiple surgeries and is currently being treated by Dr. Miller.

In January of 2020, when it was apparent that the growth plate damage incurred in the incident had caused excessive damage, the guardians of the plaintiff, contacted a lawyer to seek help in recovering payment for damages. On 1/21/21, a letter requesting a settlement for damages was sent from the lawyer to the insurance adjusters. A response in reply was sent 7 months later on 8/21/21 with an offer of $500 to cover the damages of the incident.

Due to evasiveness of the insurance adjuster and LLBI, and the lack of current contact information for CALL, the plaintiff is now representing himself Pro Se. On January 27th of 2022, 2 years after accepting to represent the plaintiff, with the statute of limitation running out, the lawyer decided to no longer represent the plaintiff.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff is seaking damages for Defendants flagrant indifference to the rights or safety of Plaintiff, Matthiew F. McQuaide. This indifference included failure to certifity agents to insure safety and failure to provide insurance coverage for injury as promised by agent at Cranberry Area Little Leaugue as follows:

1. Actual damages - out of pocket medical expenes and travel totalling $25,000.

2. Punitive damages - due to medical expenses depleting college fund: $500,000
    Due to the financial burden the Plaintiff has experienced anxiety. While trying to live his lifelong dream of playing basketball while working to cover expenses. He has had to take out loans for college and is now seeking treatment for the anxiety. He is now having to consider quitting basketball to help pay for school. His grades have suffered and he is at risk of losing a $13,000 merit scholarsship. He is currently investigating a transfer to a less prestigious university to better afford his education if this happens. If he transfers he may lose credits and have to repeat some courses.

As a direct and proximate result of Defendent's negligence, carelessness, recklessness, and/or other liability producing conduct, Plaintiff, Matthew McQuaide, has suffered the injuries described in the statement of the claim and incorporated by reference herein. In addition, plaintiff has sustained damages including but not limited to:
a. Past and future medical expenses.
b. lost earning capacity.
c. past and future pain, suffering and bone plate loss/movement.
d. Embarrassment, humiliation, inconvenience, emotional distress and mental anguish.
e. reduced academic success
f. past and future loss of pleasures of life; and
g. all other damages recoverable under law.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**V.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 03/01/2022

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Matthew F. McQuaide   Pro Se

**B.    For Attorneys**

Date of signing:

Signature of Attorney:
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Street Address:
State and Zip Code:
Telephone Number:
E-mail Address: